## ANTHONY J. SIANO, ESQ., PLLC
*A PROFESSIONAL CORPORATION*
333 WESTCHESTER AVENUE - SUITE 302
WHITE PLAINS, NEW YORK 10604

(914) 997-0100
FAX (914) 997-4179

ANTHONY J. SIANO

Leave to file GRANTED

*Beryl A. Howell*

Beryl A. Howell       Date Jan. 25, 2021
Chief Judge
United States District Court

Construed as motion to vacate transport order, ECF No. 8.

ORDER: Denied.

*Beryl A. Howell*
1/25/2021

January 17, 2021

Honorable Beryl A. Howell, Chief Judge
United States Courthouse
United States District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

Re: **United States v. Richard Barnett**, 21 MJ 13 (GMH)

Dear Chief Judge Howell:

I am retained counsel for the defendant Richard Barnett. I have been his retained counsel since the weekend of January 9-10, 2021.

I write to address immediately the matter of the government's obtaining a transfer order from the Court late on the evening of January 15, 2021. For the reasons set forth in this letter, I ask the Court to vacate the transport Order and direct that Mr. Barnett be returned to the Washington County Detention Center immediately.

**The events in this case in the Western District of Arkansas.**

All of what I will describe below occurred with me "attending" solely by Zoom and with filings made by PACER or other electronic means.

My first contact with representatives of the prosecution team as to Mr. Barnett was a brief telephone call that I had with FBI Special Agent Willett on the weekend of January 9-10, 2021. The Special Agent took my professional information and told me that he would pass it along to the prosecutor.

Early on Monday, January 11, 2021, I spoke by telephone with Assistant United States Attorney ("AUSA") Nicole McClain, of the Office of the United States Attorney for the District of Columbia. In that call, AUSA McClain identified herself as the prosecutor responsible for Mr. Barnett's case. We exchanged relevant professional information in that call and AUSA

McClain agreed to pass my information along to the appropriate Assistant United States Attorneys in the Western District of Arkansas.

Later that day I spoke with Assistant United States Attorney Kimberly Harris of the Office of the United States Attorney for the Western District of Arkansas. AUSA Harris identified herself and several other prosecutors in her office who would be handling Mr. Barnett's case in Arkansas. On that same day, I filed the "CARES" Act waiver and my motion to appear *Pro Hac Vice*.

Because the defendant was detained in that district, Mr. Barnett's Rule 5 appearance was scheduled by the District Court in the Western District of Arkansas for Tuesday, January 12, 2021.[1] The Rule 5 appearance was conducted electronically by Zoom. I appeared on Mr. Barnett's behalf and identified myself as retained counsel. Several prosecutors were in attendance electronically, including both AUSA McClain and AUSA Harris. The Acting United States Attorney ("USA") Clay Fowlkes spoke on behalf of the government. Magistrate Judge Erin Wiedemann presided. One of the topics covered was the Court confirming that: a) I had entered a Notice of Appearance and b) the Court had granted my motion for admission *Pro Hac Vice*.

At the end of the Rule 5 appearance, the Court scheduled a detention hearing for Friday, January 15, at 12:30 pm. Later on Tuesday, AUSA Harris, AUSA McClain and I had a Zoom meeting in which discovery issues were addressed and I unsuccessfully attempted to negotiate a bail package for Mr. Barnett. AUSA McClain actively participated in that meeting on behalf of the prosecution, particularly in the bail discussions.

On Wednesday, January 13, and Thursday, January 14, discovery and exhibits were exchanged as were witness lists. All witness lists and exhibits were provided to the Court on Thursday, January 14, 2021.

On January 15, 2021, Magistrate Judge Erin Wiedemann presided at the detention hearing (by Zoom). It commenced at 12:30 pm and ran, with only two short recesses, for over five hours. USA Fowlkes and AUSA Harris presented the government's case and I presented the case for Mr. Barnett.

The Court received a total of seventeen exhibits and heard eight witnesses. At the end of that hearing, Magistrate Judge Wiedemann rendered a detailed oral decision and granted Mr. Barnett his release contingent on a lengthy and stringent set of conditions. AUSA McClain as well as AUSA Fowlkes and AUSA Harris were in attendance throughout the detention hearing. At the end of that detention hearing, in open court, the Magistrate Judge informed my client and me that the case had been scheduled for an appearance in the District of Columbia District Court for March 1, 2021.

---

[1] Both motions submitted to Your Honor on January 15, 2021, misstate that the Rule 5 appearance occurred on Friday, January 15, 2021.

After the detention hearing ended, a further Zoom conference among Magistrate Judge Wiedemann, USA Fowlkes, AUSA Harris and me occurred. The government requested a "three day stay" of Mr. Barnett's release for the explicitly stated purpose of appealing the Magistrate Judge's bail decision to Your Honor. After doing some research, Magistrate Judge Wiedemann denied the requested stay. At the very end of that four-person conference, AUSA Harris stated that "as an officer of the Court" she was informing me that the government was going to make an application for a stay of the release order to Your Honor in Washington, D.C.

**The Events before Your Honor and their Aftermath in Arkansas.**

I first became aware of Your Honor's two orders after my client's domestic partner, Ms. Tammy Newburn, was informed by the Pre-Trial Services Officer that Mr. Barnett was not being released and was being taken to Washington, D.C. I learned of that from Ms. Newburn at about 7:30 am EST on Saturday January 16, 2021. I immediately consulted the PACER record in the District Court for the District of Columbia for Mr. Barnett's case. There, for the first and only time, I saw the two applications made by the government late in the evening on January 15 and the two orders presented to and signed by Your Honor.

At 8:28 am, as I was attempting sort out what was happening to my client at the jail facility in Arkansas, I received a "cc" of AUSA Harris' e-mail to Magistrate Judge Wiedemann.

The text of that e-mail is:

*Good Morning Judge Wiedemann,*

*After I went to bed last night, I received an email from one of our counterparts in DC that the motion to stay and motion to transport were both granted by the DC Court. I do not have copies of the Orders yet. From the email traffic, I can also see that USMS has been notified.*

*Please let me know if I can be of additional assistance on this.*

*Sincerely,*

*Kim Harris*

While AUSA Harris told Magistrate Wiedemann that she ". . . d[id] not have copies of the Orders yet" the orders were already posted to PACER in Your Honor's district.

I then had time to review the two motions submitted to the Court. In neither motion am I identified to the Court. In neither motion does the government tell the Court that Mr. Barnett had retained counsel and that the Office of the United States Attorney for the District of Columbia has known that since at least, January 11, 2021. Both motions contain material misstatements of fact.

No representative of the government called me, e-mailed me, or otherwise contacted me to tell me that these TWO motions were put before Your Honor. Indeed AUSA Harris affirmatively misled me when, in the presence of the Magistrate Judge, she told me that the government was going to make "a motion for a stay".

In response to the above communication by AUSA Harris to Magistrate Judge Wiedemann, I e-mailed the Court the following:

*Dear Judge Wiedemann:*

*The orders to which Ms. Harris refers are on PACER in the District of Columbia file for Mr. Barnett.*

*A review of that file reveals that the government proceeded ex parte as to both the stay and the transport matters and never revealed in their applications that Mr. Barnett has retained counsel. No one associated with the Washington events contacted me at all.*

*Mr. [sic] Harris did disclose in your presence only that her colleagues in Washington would appeal your denial of the stay request.*

*The first I became aware of the scope what the government actually did in Washington was when my client's wife called me very early this morning in tears. My client likewise was informed at the Detention Center well before Ms. Harris' disclosure.*

*I hope the Court will indulge me one observation: As a defense lawyer, I vigorously counsel all my clients to respect all courts and all adversaries. And from my perspective of 47 years of practice, I speak emphatically of the merits and probity of our legal system. These last few events as to Mr. Barnett's case open the conduct of this prosecution to serious doubt and suspicion among ordinary citizens that it is being driven, in some part, by spite and malice.*

*Respectfully,*

*Anthony J. Siano*

Shortly thereafter, Magistrate Judge Wiedemann e-mailed AUSA Harris, AUSA Fowlkes, and me the following:

> *The USMS sent me copies of the motion and order last night. I noticed in the motion to transport, the US Attorney mentions the need for appointment of counsel. I think it should be brought to the DC Court's attention by the US Attorney's office that this was a misstatement, and that Mr. Siano represents Mr. Barnett and should have been copied on the motions.*

In response AUSA Harris e-mailed back to the Magistrate Judge:

> *Good Morning Judge Wiedemann,*
>
> *I just wanted to follow up concerning the Court's requests. The US Attorney's Office in DC advises me that Mr. Siano is not admitted to practice in that district currently. While he is admitted in our district under our MJ number for purposes of handling Mr. Barnett's Rule 5, he will need to be admitted in DC as well on the case there. Because he has not entered his appearance in the DC case as counsel of record, he did not receive the notifications.*
>
> *Mr. Siano has the contact information for the AUSAs in DC and they have his information.*
>
> *Please let me know if there is anything else the Court would like for me to do to help the situation.*
>
> *Sincerely,*
> *Kim Harris*

## The Motion to Transport was Deliberately Misleading to the Court.

AUSA Harris' final e-mail to the Magistrate Judge reveals that the prosecutors in the District of Columbia made an affirmative choice to exclude me from notice of the second motion and to not even mention the existence of retained counsel to the Court--all to gain a tactical advantage. That they did so for the express purpose of creating a "need" for Mr. Barnett's transport is clear in the motion papers themselves.

In the "Motion for Transport Order", Assistant United States Attorney Mary L. Dorhmann tells the Court:

> *In order to have counsel appointed to represent the defendant in the District of Columbia, to resolve the pending motion to review the release determination made by the Magistrate Judge in the Western District of Arkansas, and to conduct further proceedings in this matter, the defendant, who remains temporarily detained, needs to be transported to the District of Columbia by the United States Marshals Service.* Motion at para. 6.

That statement of AUSA Dorhmann is a material misstatement. Mr. Barnett does not need counsel and the government has known this since January 11, 2021.

Furthermore, nowhere in either motion does the government tell the Court that Mr. Barnett was represented by retained counsel in Arkansas. The papers further misstate the actual sequence of events so as to inaccurately compress the proceedings in that Court to a single appearance.

The government's transport motion is factually false and unethical in its presentation. There is no reason to appoint counsel for Mr. Barnett. And there is no professionally responsible reason to omit disclosing the transport motion to me.

Your Honor's Court and those in the Western District of Arkansas are conducting criminal proceedings virtually. The detention facility in Arkansas has working facilities to have allowed Mr. Barnett to have been in Court virtually. Transporting him to the District of Columbia will not change that. The prosecutors made that transport motion to Your Honor to forum shop Mr. Barnett's detention after we prevailed before Magistrate Judge Wiedemann.

Allow me to address also the final e-mail by AUSA Harris to Magistrate Judge Wiedemann. As of Friday, there was no urgency to replace me as Mr. Barnett's counsel. It is irrational for the prosecutors in Washington, D.C., to assume that retained defense counsel will be pre-emptively admitted in the District of Columbia in cases where defendants are arrested elsewhere. My client's Sixth Amendment rights are not limited to attorneys admitted to the Bar of Your Honor's Court--except in the misstatements in AUSA Dohrmann's motion.

I have already begun the process of applying for admission to the Bar of this Court. And in addition, I intend to engage local counsel from among the District of Columbia Bar to assist in the case for Mr. Barnett. I was told at the detention hearing that the next Court appearance was in Your Honor's Court on March 1, 2021. I make no apologies for addressing the need for admission in the Western District of Arkansas both promptly and first in time.

The rationale offered for why I was omitted from those papers is a ruse concocted to justify punishing Mr. Barnett with a needless cross-country trip and to further separate him from his family and friends.

That the government wants to drag out the detention of Mr. Barnett before the Court can review Magistrate Judge Wiedemann's lengthy hearing record is demonstrated also by the fact that the government has not even ordered the transcript as of Saturday. I did so on Saturday morning.

For all these reasons, I respectfully ask this Court to vacate the Transport Order and order that Mr. Barnett be promptly returned to the Western District of Arkansas immediately. I am informed that Mr. Barnett was still detained in Arkansas as of Sunday morning.

Respectfully submitted,

Anthony J. Siano<br>
NY State Bar #1191261

cc:   AUSA Mary L. Dohrmann (by e-mail)
      Office of the US Attorney for the District of Columbia

AUSA Nicole McClain (by e-mail)
Office of the US Attorney for the District of Columbia

USA Clay Fowlkes (by e-mail)
Office of the US Attorney for the Western District of Arkansas

AUSA Kimberly Harris (by e-mail)
Office of the US Attorney for the Western District of Arkansas