AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.  21-mj-13 |
| Richard Barnett ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
      § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
      Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
      (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
      through (c) of this paragraph, or two or more State or local offenses that would have been offenses
      described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
      jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
    § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
    Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
    committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
    defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ❐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ❐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ❐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ❐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ❐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ❐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

  ❐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

  **OR**

  ❐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

**A.** After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

  ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

  ☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

**B.** In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☑ Weight of evidence against the defendant is strong
  ☑ Subject to lengthy period of incarceration if convicted
  ❐ Prior criminal history
  ❐ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ☑ History of violence or use of weapons
- ❒ History of alcohol or substance abuse
- ❒ Lack of stable employment
- ❒ Lack of stable residence
- ❒ Lack of financially responsible sureties
- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ❒ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Defendant argues that home confinement with his partner, Tammy Newburn, serving as third-party custodian responsible for defendant's compliance with his release conditions is sufficient. The Court has concerns regarding Ms. Newburn's suitability, however, given that she m was evasive in the detention hearing before the magistrate judge about how defendant's clothing came to be under a dog crate in her trunk, the circumstances under which defendant's firearms were removed from their home, and the whereabouts of defendant's missing phone and stun gun/stick. Also, despite living with defendant for 20 years , being a gun owner herself and assisting with removal of the guns from her home, she denied knowing the type and number of guns defendant owned, complicating the government's efforts to ridentify and recover those firearms during a search of defendant's friend's home. This was the same friend who traveled to D.C. on Jan. 6, 2021 to meet up with defendant there.

Nature and circumstances of offense:

The offenses and conduct charges are very serious, and weigh in favor of pretrial detention. Defendant faces one felony and two misedemeanor charges, including entering or remaining in the Capitol, without lawful authority and in possession of a dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1), (a)(2), and (b)(1)(A). This felony offense alone carries up to 10 years imprisonment. He specifically bought the weapon, a stun gun/stick, to engage in what became a violent assault on the Capitol on January 6, 2021. He entered the office of  Speaker of the House Nancy Pelosi and took an envelope from her desk. This conduct was brazen. He bragged about what he had done after leaving the Capitol.

The strength of the government's evidence:

The strength of the government's evidence is overwhelmingly strong, and this factor weighs heavily in favor of pretrial detention. The government has surveilance videos and many pictures of defendant from the assault on the Capitol. These pictures show defendant in the Capitol, appearing to carry a stun gun. Agents have evidence that he purchased the stun gun approximately one week before the Capitol assault and observed empty packaging at defendant's home, on January 8, 2021, for the exact kind of stun gun that defendant bought and had on his person when he was unlawfully inside the Capitol. Defendant admitted to law enforcement that he was at the "Stop the Steal" rally and entered the Capitol. Photographs and videos also show defendant holding the envelope that he took from Speaker Pelosi's office and bragging about what he had done.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

Defendant has a limited criminal history, stable employment and residence, but his history and characteristics still favor detention. The government has presented evidence of two other incidents in the past seven months in which his actions prompted police scrutiny. In July 2020 and September 2020, police were called to investigate defendant's behavior when he was armed in public and where people nearby felt threatened. These incidents are troubling because they suggest a pattern of engaging in provocative behavior while armed. Even if these activities did not cross the line of criminal behavior, they are in line with the criminal conduct alleged in this case. Defendant turned himself into law enforcement, but the circumstances surrounding his surrender suggest that this is entitled to little weight. Knowing his images from the assault had been widely circulated, he did not turn himself in immediately, but instead arranged a time for his surrender that allowed him to clear his house of incriminating evidence. He even bragged to law enforcement about removing this evidence.

The defendant's dangerousness/risk of flight:

Defendant's involvement in the Capitol assault and brazen conduct inside the Capitol and offices of the Speaker of the House pose an obvious danger, bolstered by his prior public actions while armed that prompted police attention, and ownership of an unknown number of firearms removed from his home before his surrender. Those fireams, his phone and the stun gun have not been recovered. The Court finds that defendant poses a danger to the community because of his brazenly illegal conduct, pattern of armed disturbance, and access to firearms and weapons, like the stun gun, that remain missing. He also poses a risk of flight, having admitted to taking evasive action of covering his face, using cash only and turning off location monitoring on his phone when he left DC, bragging to law enforcement about removing incriminating evidence from his home before surrendering, and his partner admitted to having a "safe house" where she met defendant on his return from DC.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  01/29/2021

Beryl A. Howell
Chief Judge